*I. N. Cushman,* and *H. Everett,* contra.

———

Windsor,
February,
1827:

## HENRY HANCHETT *vs.* CALVIN WHITNEY.

*Exceptions, agreed on by the parties, represented the court as taking from the jury altogether, the duty of weighing the testimony, and a new trial was granted for that cause.*

A father having a farm, and being old and infirm, contracted by parol with his son, to live with and be supported by him; whereupon the son moved on to the farm and carried it on, and supported the father several years, till the father, being dissatisfied, went away and conveyed the farm to a stranger: In ejectment by the grantee, *Held*, that the son was a tenant from year to year, and was entitled to notice to quit.

Notice *by parol* is sufficient to terminate such a tenancy.

A tenancy at will in its inception, does by long continuance become a tenancy from year to year.

In case of a tenancy of *a farm* from year to year, notice to quit must be given six months previous to action brought; and in this, the common law of England is adopted.

THIS was an action of ejectment for a farm of land in Hartland. The plaintiff's writ was dated the 5th day of April, 1826, and served on the 5th of that month.

A trial having been had in the county court, in which a verdict was returned for the plaintiff, the cause came before this court, on a motion by the defendant for a new trial, founded on exceptions taken at the trial below, and which appear in the following case, placed upon the record by the agreement of the parties, and certified up for a final decision of the court thereon.

"On the trial of this cause, the plaintiff introduced evidence tending to prove, that *Jonathan Whitney,* under whom the plaintiff claimed, had been in possession of the premises demanded more than fifteen years before the first of April, 1821 ; that on or about that time, being old and unable to labour, and having no family, he contracted with the defendant, his son, who had a family, to live with, and be supported by him ;—that his said son and family came to live in the house on the premises and carried on the farm, and that the said *Jonathan* continued to live with the said defendant and family, to be supported by him, until the latter part of February, 1826 ; and that in the fall previous there

*Windsor:*
*February,*
*1827.*

*Hanchett*
*vs.*
*Whitney:*

to, and also in February, 1826, on the occasion of some difficulty between them, relative to the support, the said *Jonathan*, requested the defendant to lease the premises, and afterwards in the said month of February, the said *Jonathan* left the premises, and on the 20th day of March, 1826, by deed, conveyed the said premises to the plaintiff:—that during the time that he lived with his said son, he made his will, devising the same premises to his said son, which he afterwards revoked.

And the defendant offered to prove, that he the defendant, during all the time he has resided on said premises, gave the same into the *list*, and paid the taxes thereon; but which was rejected by the court.

The defendant insisted, and requested the court to charge the jury on the evidence aforesaid, that the plaintiff was not entitled to recover; but the court refused so to charge the jury, and did charge them, that on said evidence, the plaintiff was entitled to recover. To all which, the defendant did, on said trial, except," &c.

*Cushman*, for the defendant, insisted, that a new trial ought to be granted, because, the contract, under which he entered upon the demanded premises, amounted, in law, to a lease from year to year, ending on the first day of April, annually—that it could not be determined by the said *Jonathan*, except at the end of the year, and that the defendant was entitled to *six month's* notice to quit. He cited 1 *Swift's Dig.* 90, 91—8 *Term Rep.* 3— 1 *Johns. Rep.* 322.—*Roberts on fraud*, 282.—2 *Salk.* 413.—3 *ib.* 222.

*Leland*, contra. Notice was not necessary in this case. The defendant, if a tenant at all, was a mere tenant at will, in the *strictest sense.* It is true that a tenancy at will is now considered as a tenancy from year to year; but it cannot be so considered, unless an annual rent is reserved.—*Woodfall* 163.

The distinction between a tenancy at will, and a tenancy from year to year, is that when no rent is reserved or demanded or paid, it is a tenancy at will, and notice is not necessary to be given to quit, before action brought; but to constitute a tenancy from year to year, there must be something *definite as to time, rent reserved* or *paid.*—The reservation of an annual rent is the leading circumstance, that turns leases from uncertain terms into leases from year to year. 2 *Caine's R.* 174. Leases for uncertain terms, with an annual rent reserved, are now construed to be leases from year to year, and notice, under the English practice, must be given—but without this annual rent, it is a tenancy at will, and notice to quit is not necessary. "So, if one gives licence to another to take the profits of his land, without mentioning for how long a period, or reserving an annual rent, it shall be a lease at will."—*Woodfall*, 181.—3 *Salk.* 223.

In the case before the court, there was no evidence, nor was it the fact, that the defendant ever paid, or contracted to pay any rent—nor was there any time fixed that he should have

*Windsor,*
*February,*
1827.

*Hanchott,*
*vs:*
*Whitney.*

the enjoyment of the premises ; consequently he was not enti-
tled to notice.

Six months notice, by the English practice, is not in all cases
necessary to be given. A shorter time will suffice.—2 *Esp .N.
P.* 461, 38, *Amer. Ed.*—*Woodfall.* 169.

The opinion of the court was delivered by

Hutchinson J. This is a case agreed upon by the parties, and
was never presented to the court for allowance. The case re-
presents the court as taking from the jury, altogether, the busi-
ness of weighing the testimony. That is not the practice of
the members of this court, nor can it be sanctioned in this case.
For this reason, there must be a new trial.

To aid the parties in preparing for another trial, and render
the labour of the present hearing in some degree useful, the Court
will express their opinion upon the points litigated.

The chief dispute, in the contest, appeared to be whether the
defendant's possession were adverse to *Jonathan Whitney,* so as to
render void the deed from *Jonathan* to the plaintiff. That
seems now abandoned.

The remaining questions are, 1st, whether the tenancy was
such as rendered notice to quit necessary ? And 2d, whether
sufficient notice was proved, or, what would be sufficient no-
tice.

The Court, upon the first point, consider that the case pre-
sents a tenancy from year to year, and one in which notice to
quit is necessary. When the facts to elucidate this point are
agitated before the jury, the evidence of the defendant's paying
the taxes from year to year, and their being set to him, would
be proper for their consideration, and ought to be admitted.
That testimony was offered on the former trial, in order to show
the possession adverse. It was considered as amounting to no-
thing in that view ; because tenants as often pay the taxes as
their landlords, and even more so. It is as they agree from
time to time, and affords no evidence against a tenancy. But
that testimony would be pertinent, in showing a tenancy not to
be at *will*, but from *year to year.*

The Court consider that a tenancy at will, in its inception,
when it runs for five years, as this case states, becomes a tenancy
from year to year.

With regard to notice, the Court consider, that six months no-
tice is necessary. In this they adopt the common law of Eng-
land. What the testimony was in this case is too imperfectly
stated, but no objection is discovered to the season of the year in
which the plaintiff claims that the defendant ought to have re-
signed the possession, provided the plaintiff proves a notice six
months before that time. The plaintiff's writ is dated the fifth
of April. The fore part of April is a convenient season for ten-
ants to change possession of farms. The crops of the preceding

*Windsor*,
February,
1827.

Hanchett,
*vs.*
Whitney.

year are usually spent by that time; that is, such as are not conveniently moved.

With regard to the kind of notice, the Court consider, that notice by parol is sufficient to determine a tenancy of this nature.—*See* 2 *Phil. Ev.* 182--3.

> The judgment in the county court is reversed, and a new trial is granted.

*Thomas Leland,* for the plaintiff.

*Cyrus N. Cushman,* for the defendant.