SUSAN JOHNSON *vs.* WILLIAM JOHNSON.

A permissive occupation of real estate without rent reserved or paid, and without any time agreed on to limit the occupation, is a tenancy at will.

Gen. Stat. R. I. cap. 221, § 5, which provides, "The time agreed upon in a definite letting shall be the time of the termination thereof, for all purposes; and if there be no time of termination agreed upon, it shall be deemed a letting from year to year," applies only where the letting is definite, *i. e.* definite at least except in regard to duration.

EXCEPTIONS to a special Court of Common Pleas.

*December* 8, 1881. DURFEE, C. J. This case comes up on exceptions from a special Court of Common Pleas. The action is trespass and ejectment for the recovery of a tenement let. On trial it appeared that the plaintiff and defendant were mother and son, and that, a little more than two years before the commencement of the action, the premises in suit were bought by the son in the name of the mother and paid for out of funds standing in her name, the deed being taken in her name. It also appeared that the mother had been left a widow when the son was a mere

boy, and that the two had lived together; that the son had married, and that shortly after the premises were purchased, the mother, the son, and the son's wife, entered into occupation of them, living in them as one family. The mother testified that there was no agreement for what time the son should occupy; no agreement for rent, and no expectation that any should be paid, and that she had never demanded rent. After the mother, son, and son's wife had so lived together about nine months, the mother left, and she testified that she was forced to leave in consequence of ill-treatment by the son's wife. Afterward, April 11, 1881, she notified the defendant in writing to quit, May 1, 1881.

The defendant testified that the funds which he used in the purchase of the premises belonged to him in common with his mother, though they stood in her name; that he regarded the premises as his own; that they were looked upon as the common home of the family; that there was no agreement as to the duration of his stay, nor for rent; that his mother had never demanded rent; that he had laid out money in painting, altering, and repairing the premises and paying taxes thereon, though he did not claim to have done so in lieu of paying rent, but on the contrary admitted that he had sued his mother for the money; and he further testified that in February, 1881, his mother came to the house, and while there said she expected him to stay there and would not disturb him. The mother, testifying in rebuttal, contradicted the latter statement, and reasserted that the money used to buy the premises was her own.

The defendant asked the court below, in view of this testimony, to decide that he was a tenant from year to year, and, as such, entitled to three months' notice to quit, and that not having had such notice the action could not be maintained. The court refused so to decide, and decided that the defendant was simply a tenant at will, and as such was bound to quit on or before the day named in the notice. The question is whether the court erred in holding the defendant to be a tenant at will.

It is undoubtedly true that courts regard tenancies at will with disfavor and are inclined to treat tenancies of uncertain duration as tenancies from year to year, whenever they can find good reason for doing so; but nevertheless it is also true that our statutes rec-

ognize such tenancies as still existing, and we suppose there can be no doubt that a tenancy which by express agreement is determinable at the will of the lessor is a tenancy at will. *Rex* v. *Inhabitants of Fillongley*, 1 Term Rep. 458; *Doe on dem. Bastow* v. *Cox*, 11 Q. B. 122; *Post* v. *Post*, 14 Barb. S. C. 253. But that is not the only way in which such a tenancy may exist. "If a tenant," says Chancellor Kent, in his Commentaries, "be placed on the land without any terms prescribed and as a mere occupier, he is strictly a tenant at will." 4 Kent Comment. *144. Chancellor Kent cites *Jackson* v. *Bradt*, 2 Caines Rep. 169. The doctrine is supported by numerous other cases. *Richardson* v. *Langridge*, 4 Taunt. 128; *Braythwayte* v. *Hitchcock*, 10 M. & W. 494, 497; *Doe on dem. Hull* v. *Wood*, 14 M. & W. 682; *Doe on dem. Nicholl* v. *McKaeg*, 10 B. & C. 721; *Doe on dem. Jones* v. *Jones*, 10 B. & C. 718; *Doe on dem. Groves* v. *Groves*, 10 Q. B. 486; *Dunne* v. *Trustees of Schools*, 39 Ill. 578, 582; *Herrell* v. *Sizeland*, 81 Ill. 457; *Larned* v. *Hudson*, 60 N. Y. 102; *Sarsfield* v. *Healy*, 50 Barb. S. C. 245, 246. Some of these cases are very instructive, especially in the language used by the courts in deciding them. In *Richardson* v. *Langridge*, it was decided that if an agreement be made to let premises so long as both parties like, reserving a compensation accruing *de die in diem* and not referable to a year or any aliquot part of a year, it does not create a holding from year to year, but a tenancy at will, strictly so called. And it was further decided that though the tenant has expended money on the improvement of the premises, that does not give him a term to hold until he is indemnified. In *Doe on dem. Hull* v. *Wood*, Baron Parke said: "*Richardson* v. *Langridge* correctly lays down the law on this subject, namely, that a simple permission to occupy creates a tenancy at will, unless there are circumstances to show a tenancy from year to year; as, for instance, an agreement to pay rent by the quarter or some other aliquot part of a year;" and in *Braythwayte* v. *Hitchcock*, he remarked that the payment of rent, to be evidence of a yearly holding, must be referable to a year or some aliquot part of it. And see *Goodenow* v. *Allen*, 68 Me. 308. And if the tenancy cannot be inferred merely because rent is paid, unless it be paid by the year or by some aliquot part of the year, still less can it be

inferred where there is no rent, either paid or to be paid. " To constitute such a tenancy," said the court in *Dunne* v. *Trustees of Schools,* " there must be at least a stipulation to pay, or an actual payment of rent to the lessor, or a term agreed upon." And in *Larned* v. *Hudson,* Rapallo, J., giving judgment, said : " When one enters upon land by permission of the owner for an indefinite period, without the reservation of any rent, he is by implication of law a tenant at will." So it has been held that a party let into possession under a contract to sell, which remains unperformed, is a tenant at will. *Ball* v. *Cullimore,* 2 Cromp., M. & R. 120 ; *Doe on dem. Tomes* v. *Chamberlaine,* 5 M. & W. 14. Nor will mere lapse of time turn a tenancy at will into a tenancy from year to year. In *Herrell* v. *Sizeland,* the occupation had continued for several years, and in *Doe on dem. Groves* v. *Groves,* for nearly fifty years, and yet the occupants were held to be tenants at will.

If the law be correctly laid down in these cases, it is impossible to hold the tenancy here to be other than a tenancy at will ; for here confessedly there was no rent, either reserved or paid, and no time agreed on.

The defendant referred to cases in which the law as laid down in the foregoing cases was not rigorously applied. The cases chiefly relied on are *Leavitt* v. *Leavitt,* 47 N. H. 329 ; *Mackay* v. *Mackay,* 2 N. J. Law, 400 ; *Jackson ex dem. Livingston* v. *Bryan,* 1 Johns. Rep. 322 ; *Hanchett* v. *Whitney,* 2 Aik. 240. In the first of these cases the court appears to have been influenced by statute or local law. In the other cases the tenancy had been of long duration, namely, five, fifteen, and eighteen years, and there were strong equitable considerations in favor of the tenants, growing out of the circumstances of the occupation, such as do not exist in the case at bar ; for we do not attach importance to the son's expenditures and improvements, in view of the fact that he has included them or a greater part of them in his suit against his mother.

The defendant directs attention to Gen. Stat. R. I. cap. 221, § 5, which provides : " The time agreed upon in a definite letting shall be the time of the termination thereof for all purposes ; and if there be no time of termination agreed upon, it shall be deemed a

letting from year to year." This statute, as we construe it, applies only where the letting is definite, that is to say, definite at least except in regard to duration. The statute does not cover the case at bar ; for here there was no definite letting, but only a permissive occupation without terms. Nothing could be more absolutely indefinite.

The exceptions are overruled and the judgment of the court below affirmed, with costs of this court.

*Exceptions overruled.*

*Benjamin N. Lapham*, for plaintiff.

*Miner & Roelker*, and *Thomas A. Jenckes*, for defendant.