BELDING *v.* TEXAS PRODUCE COMPANY.

Opinion delivered December 14, 1895.

LANDLORD AND TENANT — HOLDING OVER AFTER EXPIRATION OF LEASE.—Where, after the expiration of a lease for two years, the lessee holds over without any new agreement, paying rent according to the terms of the original lease, the tenancy becomes one from year to year, subject to the terms of the original lease.

Appeal from Garland Circuit Court.

*Alexander M. Duffie,* Judge.

J. W. Harriss and others, doing business under the name and style of the Texas Produce Company, brought suit in the common pleas court against George Belding to recover the sum of $86.66, which they claimed to be due under the terms of a written lease, being two-thirds

of the appraised value of a certain building erected by them on land leased from defendant.

On August 27, 1890, defendant, as party of the first part, leased to the Texas Produce Company, as party of the second part, a lot in the city of Hot Springs by a written lease, the material part of which is as follows : "Said first party agrees that said second party. may erect thereon a house, not to exceed in value $160, to be used as a stable ; and said first party hereby grants to said second party an easement over his adjoining land, leading from said portion of said lot fifteen in said block to some street or thoroughfare, but granting only such an easement over said lot as is necessary for the transfer of a wagon and team to and from said stable to said street or thoroughfare, for the term of two years from above date (August 27, 1890), if said first party does not sell or lease said land within two years, and provided said second party keeps said premises clean and in good order during the time specified, at the rental of three dollars per month to be paid by the party of the second part to the party of the first part in advance on the first day of each and every month, that is to say, $3 on the 1st day of September, 1890, and $3 on the first day of each and every month thereafter until the expiration of the term.    And it is understood and agreed by and between the parties hereunto that, should the said first party desire to sell said lot, he hereby grants the privilege to said second party of removing said stable on an adjoining lot owned by him ; and, if the said first party desires within two years from date hereof to dispose of all the land now owned by him adjoining said lot, he is hereby privileged to do so, and in that event it is hereby agreed that he shall pay to the party of the second part two-thirds of the appraised value of said building. And it is further agreed that, if said second party desires to relinquish said lease at the expiration of two

years, said first party agrees to pay two-thirds of the appraised value of said buildings."

After the two years' lease expired in August, 1892, plaintiffs continued to hold over, without any new or different agreement with defendant, paying the same rent as under the lease, until February, 1893, when defendant sold the leased lot and his adjacent property to another. Thereupon plaintiffs delivered possession to defendant's vendee, and brought this suit against defendant to recover two-thirds of the value of the stable erected by them on the leased premises.

At the trial, against defendant's objection, the court instructed the jury as follows: "If you find from the evidence that, after the expiration of the original lease sued on in this action, plaintiffs paid and defendant received rent for the demised premises at the same rate mentioned in said lease, and that no new agreement was entered into by the parties different from that contained in the original lease, then that operated as a renewal of the lease under the same terms as contained in the original lease; and if you further find that said lease was renewed in said manner, and afterwards, and within two years after such renewal, defendant sold said premises, together with all his land adjoining it, then plaintiffs thereby acquired a lawful demand against defendant for two-thirds of the value of said stable, and your verdict will be for plaintiffs in two-thirds of the appraised value thereof, as shown by the evidence."

The jury returned a verdict in favor of plaintiffs for two-thirds of the value of the stable. Defendant has appealed.

*Charles D. Greaves*, for appellant.

1. This case was tried on the erroneous theory that, by appellee holding over after the term expired, and paying the agreed rate of rent, the lease was re-

newed by operation of law for another term of two years. But the law is, where a demise is for a term of years at an annual rental, and the tenant holds over, paying the agreed rate, he is a tenant from year to year. 20 W. Va. 46; 69 Ala. 549; 21 Neb. 178; 60 Wis. 1; Taylor, Land. & Ten. sec. 22; 12 Am. & Eng. Enc. Law, p. 675; 36 Ark. 518; Taylor, Land. & Ten. sec. 525.

2. The law imposes no obligation on the landlord to pay for improvements on demised premises, and the right of the tenant to claim for improvements depends upon the express or implied agreement of the landlord to pay for same. 18 Ill. 386; 2 Wall. 491; 51 Ark. 46; 32 Mich. 65. The mere holding over did not bind appellant to pay for improvements. See 92 N. Y. 172; 8 Daly (N. Y.), 35; 47 Wis. 581; 99 Pa. St. 611; 138 Mass. 81; 33 Wis. 185; 11 Cal. 298; 4 J. J. Marsh (Ky.), 229; 1 Cr. & M. 113; Taylor, Land. & Ten. sec. 543.

BATTLE, J. When the Texas Produce Company held the demised premises after the expiration of the term of two years, and thereafter paid, and Belding received, rent for the same according to the terms of the first tenancy, without any new or different agreement, it thereby became a tenant from year to year upon the terms of the original lease. Belding had the right to terminate the tenancy by selling the premises. When he did so, and at the same time sold his adjoining property, he became liable to the Texas Produce Company for two-thirds of the appraised value of the stable erected on the demised premises, according to the terms of the original lease. *Schuyler* v. *Smith*, 51 N. Y. 309, and cases cited.

There is no material or prejudicial error in the instructions of the trial court to the jury, and its judgment is affirmed.