# Pittsburg Manufacturing Company *v.* Fidelity Title & Trust Company, Appellant.

*Landlord and tenant—Principal and agent—Extension of lease.*

An attorney in fact who has authority under a letter of attorney "to lease, rent or let any house, tenement, lands or lots of ground wherever situate," has a right to extend a lease.

Where the president of a corporation solicits the extension of a lease from the attorney in fact of the landlord, and the attorney in facts indorses the extension on the back of the original lease in his possession, and signs the extension, and the president thereupon thanks him for so doing, it is immaterial that the extension is not indorsed on the duplicate of the lease in the company's possession, and neither the company nor the landlord, nor a purchaser of the premises from the landlord, will be heard to aver that the extension of the lease was not valid.

Argued Oct. 27, 1903.   Appeal, No. 22, Oct. T., 1903, by defendant, from decree of C. P. No. 3, Allegheny Co., Jan. T., 1902, No. 886, on bill in equity in case of Pittsburg Manufacturing Company v. Fidelity Title & Trust Company, Trustee of Thomas Marshall, Deceased.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity quia timet and to perpetuate testimony. Before SHAFER, J.

The opinion of the Supreme Court states the case.

The court in an opinion by SHAFER, J., found as a matter of law that the plaintiff had a valid lease of the land in question until April 1, 1913, and entered a decree accordingly.

*Error assigned* was the action of the court.

*Charles P. Orr*, with him *Thomas C. Lazear*, for appellant, cited : Lowry v. Mehaffy, 10 Watts, 387 ; Witman v. Reading, 191 Pa. 134; Greenlee v. Greenlee, 22 Pa. 225 ; Cook v. Tullis, 18 Wallace, 332 ; Dumn v. Rothermel, 112 Pa. 272.

*W. K. Shiras* and *C. C. Dickey*, for appellee.

PER CURIAM, November 9, 1903 :

By writing dated November 11, 1881, the Pittsburg Manufacturing Company leased from Matilda W. Denny, through her attorney in fact W. F. Aull, a piece of land in Pittsburg, for the term of twenty-one years from April 1, 1882, at an annual rental of $1,500, the lessee to pay taxes and assessments of every kind. In May, 1893, when the lease had yet nearly ten years to run, the president of the manufacturing company, on account of having to pay unexpected heavy sewer assessments on the lot, asked the attorney in fact Mr. Aull for an extension of the lease for ten years from its termination; this was agreed to by Aull. Aull indorsed the agreement for extension on the original lease and signed it, then placed the paper on file in his office; the president of the company, Johnston, was not present when Aull signed it, but soon after notified Johnston he had indorsed and signed the agreement on the lease, at the same time requested Johnston to bring the company's copy of the lease to his office and he, Aull, would indorse and sign on it the agreement for extension. Neither Johnston nor any other person ever took the copy in the possession of the company to Aull's office and the extension was not indorsed on that copy; the only evidence of the agreement to extend was the indorsement on Aull's copy in his office. In the summer of 1900 Thomas Marshall bought the land from Miss Denny for the consideration of $60,000, and took a conveyance of it but before final payment was made died; the Fidelity Title & Trust Company is trustee of this property under Marshall's will.

These are the material facts in the case and then the plaintiff filed its bill quia timet to perpetuate testimony. The court below heard the case on bill and answer and adjudged that the manufacturing company had a valid lease for the ten years' extension and that defendant's title is subject to the lease.

The defendant appeals, alleging for error :

1. That there was no lawful execution or delivery of the agreement for extension.

2. That Johnston had no authority to bind the plaintiff in an agreement for extension.

3. That the letter of attorney under which Aull acted conferred no authority upon him to agree to an extension of a lease.

These three embrace all of substance in the assignments of error.

As to the first assignment we think there was such writing as satisfies the statute of frauds. The party to be charged indorsed on the back of the original lease the extension. It recites briefly that the within lease is extended subject to all the terms and conditions therein contained. The within lease was the original with full and detailed description; the conditions as to payment of rent and taxes were fully set out; nothing was uncertain; all that was necessary to make it a binding contract was acceptance by the lessee; it was not necessary that this acceptance should be in writing; it was only necessary that plaintiff should by unequivocal acts or words accept: Witman v. Reading, 191 Pa. 134. The undisputed fact averred that Johnston, the president of the manufacturing company, solicited the extension and when notified that Aull had indorsed and signed it thanked him for so doing was sufficient to bind the company. It was not necessary that there should be a formal vote of the directors, the corporation must act through its agents; it did act and it alone under the circumstances can be heard to complain of want of formality in the action of the agent for its benefit. It is here now in court alleging his authority.

As to the second assignment, what we have said is sufficient discussion of it.

As to the third assignment, want of authority in Aull to agree to an extension: he had full authority to make leases; the words of the letter of attorney to him are : " to lease, rent or let any house, tenement, lands or lots of ground wherever situate." The right to let and rent clearly includes the right to extend a lease.

Nor is the defendant in a position to complain ; when Marshall purchased, the manufacturing company was in open, visible possession of the lot; a mere inquiry would have disclosed the lease and the length of term.

There is nothing in any of the assignments warranting further notice. They are all overruled and the decree is affirmed.