Otero v. City of Albuquerque, 22 N. M. 128.

---

[No. 1854, June 27, 1916.]
OTERO v. CITY OF ALBUQUERQUE.

SYLLABUS BY THE COURT.
1. Where a grantee fraudulently obtains possession of a deed placed in escrow and places the same of record, he obtains no title to the real estate therein described and can convey none.                    P. 131

2. Where a tenant holds over after the expiration of his lease, without any express agreement, but with the assent of his landlord, he holds on the same terms as those of the original lease, including all the covenants thereof, unless made inapplicable by changed conditions; hence, where the

original lease bound the lessee to surrender possession of the premises "in as good condition as they now are," with certain stated exceptions, and the lessee, after the expiration of the term therein named, continued in possession of the premises, with the assent of the landlord, he was bound to restore the premises to the landlord, when he surrendered possession, in as good condition as they were when the lease became effective, with the exceptions stated; no changed conditions appearing to render such provision inapplicable.

P. 132

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by Alfred J. Otero against the City of Albuquerque. From a judgment for plaintiff, defendant appeals. Affirmed.

THOS. N. WILKERSON of Albuquerque, for appellant.

Title passes even where deed is procured by fraud.

Hewett v. Clark, 91 Ill. 605; Evans v. Hovan, 52 Md. 602; Bassett v. Brown, 105 Mass. 551; Deputy v. Stapleford, 19 Cal. 302; Grant v. Burnett, 90 Ill. 513; Cook v. Moore, 39 Tex. 255; Crocker v. Bellangee, 6 Wis. 645; Gage v. Gage, 29 N. H. (9 Fost.) 533; Howe v. Woolsey, 2 Edwds. 289; Swan v. Castleman, 63 Tenn (4 Baxtor) 257; 70 Am. Dec. 489.

E. W. DOBSON and H. C. MILLER, both of Albuquerque, for appellee.

The pretended deed from Armijo to Henry was absolutely void.

Everts v. Agnes, 4 Wis. 345, 65 Am. Dec. 314; 2 Delvin on Deed (3d ed.) pp. 401-402; Fisher v. Beckwith, 11 Am. Dec. 546; Henry v. Carson, 96 Ind. 412; Westlake v. Dunn, 184 Mass. 260, 68 N. E. 212; McArthur v. Johnson, 93 Am. Dec. 593 (and case note); Chess v. Chess, 21 Am. Dec. 350; Crocker v. Bellangee, 6 Wis. 645; 8 R. C. L., par. 86.

The holding over by the city was subject to all the conditions and terms of the former lease.

Vrooman v. McKraig, 59 Am. Dec. 85; DeYoung v. Buchanan, 32 Am. Dec. 156; 18 Am. & Eng. Enc. of Law (2d ed.) 407, par. 6, note 8; 2 Taylor Landlord & Tenant (8th ed.), par. 525.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 18th day of July, 1894, Perfecto Armijo and wife leased unto the city of Albuquerque certain premises within said city, to be used by said city for a city hall and other purposes. The lease was for a term of five years, was in writing, and contained the following provision which only is material to the present controversy:

"Said party of the second part (city of Albuquerque) further covenants with the said parties of the first part, that at the expiration of the time mentioned in this instrument as the term of the lease, peaceable possession of the said premises shall be given to the said parties of the first part, in as good condition as they now are, usual wear, inevitable accidents, and loss by fire, tornado, or other casualty excepted."

In April, 1898, Perfecto Armijo and wife executed a deed to the premises in question to one J. A. Henry, which said deed was placed in escrow, in the hands of one Moore. Henry, by fraud and false representations practiced upon and made to said Moore, obtained possession of said deed and caused it to be placed of record. Henry notified the city that he was the owner of the premises, and collected from the city the rent for one or two months. Armijo thereafter notified the city not to pay the rent to Henry, and that he was the owner of the premises. Henry thereafter executed a written lease to the city which omitted the covenants hereinbefore set out in the Armijo lease. Armijo did not bring suit against Henry to cancel said deed for some time after he discovered the fact that he had obtained the deed and placed it of record, and the suit so instituted was not decided until March 29, 1905, at which time the district court entered a decree canceling the deed from Armijo to Henry.

At the expiration of the time stipulated in the lease from Armijo to the city, the city without any new lease, still continued in possession of the premises. On March 31, 1905, Armijo and wife conveyed the premises in question to the appellee herein, and also assigned to him the written lease. In May, 1907, appellee recovered a judgment against the city for the rental due on said premises, according to the terms of the original lease, and. also for the possession of the premises. On June 13, 1907, the present suit was filed, for the purpose of recovering damages occasioned by the failure of appellant to comply with the covenants of the original lease to surrender the premises "in as good condition as they now are, usual wear, etc., excepted." The complaint recited in detail the failure in this regard, and claimed damages in the sum of $5,000.

The court, without the intervention of a jury, heard the evidence, made findings of fact, stated conclusions of law, and entered judgment in favor of appellee for the sum of $1,400 damages, together with interest thereon from May, 1907, at the rate of 6 per cent. per annum. To review this judgment this appeal is prosecuted.

[1] If we understand appellant's contention, under its first point, it is that the city, having obtained a lease from J. A. Henry, after he had obtained and recorded the escrow deed, which omitted the covenants as to repairs and the condition in which the building was to be at the time possession was surrendered, the city was no longer bound by the covenants of the original lease, even though it be true, as claimed by appellee and conceded by the city, that Henry obtained possession of the deed from Armijo and wife by fraud and deception. The proposition is stated by counsel for the city in the following language:

"A deed signed by the parties, and duly acknowledged and filed and recorded, even if procured by fraud, passes title and is voidable only as to the parties until set aside by proper proceedings in equity, and absolutely passes title as to the parties having no knowledge of its invalidity and acting without notice."

In the present case, however, the delivery of the deed was procured by fraud practiced upon the escrow holder. The deed, therefore, was void, and transferred no title. "A deed, which has been surreptitiously and fraudulently obtained from the grantor without his knowledge or consent, does not, even as against a subsequent purchaser without notice, transfer title. A deed purloined or stolen from the grantor, or possession of which was fraudulently or wrongfully obtained from him without his knowledge, consent, or acquiescence, is no more effectual to pass title to the supposed grantee than if it were a total forgery, and an instrument of the latter kind had been spread upon the record." Devlin on Deeds (3d ed.) pages 401, 402; Everts v. Agnes, 4 Wis. 343, 65 Am. Dec. 314.

[2] The last-cited case was in many respects similar to the one now under discussion, and the opinion discusses the question exhaustively. No further argument is required to demonstrate the lack of merit in this point. and, this being true, the only remaining question which requires consideration is whether a tenant holding over after the expiration of his lease, without any express agreement but with the assent of his landlord, holds on the same terms as those of the original lease, including all the covenants thereof, unless made inapplicable by changed conditions. This question has been so often answered in the affirmative by the courts and text-writers that it is no longer an open one. Many cases so affirming will be found cited under section 284, volume 32, Century Digest, and in the following cases the rule is followed and the proposition discussed: Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891; City of Chicago v. Peck, 196 Ill. 260, 63 N. E. 711, affirming same case 98 Ill. App. 434; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Hately v. Myers, 96 Ill. App. 217; Woodward v. Ft. Worth & Denver City Ry. Co., 35 Tex. Civ. App. 14, 79 S. W. 896.

In the first case cited, which was affirmed without opinion by the Court of Appeals, 181 N. Y. 518, 73 N. E. 1119, it was said:

Otero v. City of Albuquerque, 22 N. M. 128.

"The limitation applied by the language 'so far as applicable' manifestly can have no application in the absence of proof showing a changed condition of affairs which would naturally or of necessity operate to modify the relations existing between the parties. In the absence of any proof upon the subject, there can be no reason for holding that the relations of the parties have changed, so nothing has occurred to break the continuity of the holding, or from which it can be implied that any conditions exist rendering inoperative any of the terms of the lease. Nor do we think that the rule is limited to the relation merely of landlord and tenant in the use and occupation and the payment of rent, so as to exclude the independent covenants from continuing with the other parts of the lease. A holding over, to be upon the same terms as contained in the original lease, carries with it the necessary implication that all of the covenants which became binding by the execution of the lease continue to remain in full force, unless changed conditions appear rendering them inapplicable. We can conceive of no sound reason which would warrant the rejection of any part of the lease upon which the parties agreed. Their relation continued in all respects precisely as if the terms had not expired. The holding over constitutes merely an enlargement of the term, and the lease is applied thereto with the same force as though it had been re-executed. In Webber v. Shearman, 3 Hill [N. Y.] 547, it was said by Cowen, J.: 'Holding over after the expiration of a sealed lease is a continuation of the same tenancy and an enlargement of the same term.' People ex rel. Chrome Steel Co. v. Paulding, 22 Hun [N. Y.] 91. In Elwood v. Forkel, 35 Hun [N. Y.] 202, the doctrine of the survival of independent covenants under a holding over was expressly adjudicated. We have examined the authorities relied upon by the appellants as announcing a different rule, and find them without application. They arose in controversies respecting the rights of the tenant to remove fixtures after the expiration of the term, and their disposition was governed by quite different principles from those which find application in the present case. The rule is that all parts of the lease survive the holding over unless shown to be inapplicable by reason of changed conditions. The rights and liabilities, therefore, of the parties to this action are to be determined precisely as though the term of the original lease was in existence at the time of the dispossession."

This being true, appellant's argument that its plea of the statute of limitation was a good defense to the action is without merit. The suit was instituted within a few months after possession of the premises was secured by appellee, and, as the covenant relative to the condition of the premises upon surrender was not made inapplicable

by changed conditions, we know of no reason why it did not continue binding and efficacious.

Appellant argues that the judgment was not warranted by the evidence, but we have carefully reviewed it, and believe it warranted the findings and judgment.

Finding no error in the record, the cause will be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.