129 P.2d 645

**ALSTON v. LYNSKEY et ux.**

No. 4702.

Supreme Court of New Mexico.

Sept. 18, 1942.

Frazier & Quantius, of Roswell, for appellants.

Mears & Mears, of Portales, for appellee.

SADLER, Justice.

The plaintiff, who is appellee here, sued defendants to foreclose the latter's rights, if any, under an oral lease expiring January 1, 1940, in certain real estate in Roosevelt County. Damages for use and occupation were laid in the complaint and restitution of the property was asked. The complaint also contains allegations appropriate to a quieting title suit and relief incident thereto is prayed along with the demand for damages.

The defendants answered setting up claim to a five-year lease under a written agreement between the defendant, H. B. Lynskey, as lessee, and, as lessor, one C. H. Betts, plaintiff's predecessor in interest and grantor to plaintiff of the premises involved in a deed executed subsequent to the making of the alleged written lease. A counterclaim on account of certain improvements also was interposed and damages were claimed for the value thereof.

The plaintiff filed a reply which denied the existence of any such lease as that pleaded by defendants and interposed a general denial to the counterclaim. It was upon pleadings thus framed that the trial was had resulting in a decree for the plaintiff quieting title, directing issuance of a writ of assistance to restore possession of the premises and awarding damages in the sum of two hundred fifty dollars for use and occupation thereof by defendants. They prosecute the present appeal to review said judgment.

The trial judge made findings which support the judgment. No exception to such findings was taken by defendants, one of whom, the husband and a layman, acted as his own and his wife's attorney at the trial, following withdrawal of the attorney originally retained who had prepared and filed their answer for them.

New counsel for defendants engaged since the trial below represent them on this appeal. Necessarily handicapped by the absence of objections or exceptions to the rulings and findings, counsel now appearing for defendants are compelled to rely upon a claim of fundamental error as one ground for reversal and for another, upon the claim that the findings do not support the judgment since they disclose renewal of the two-year parol lease admitted

in the complaint by a holding over upon its expiration. In view of the findings all claim to a written lease of five years is abandoned.

The claim of fundamental error rests on the contention that plaintiff has erroneously joined in the same count of his complaint an action in ejectment with a suit to quiet title. However, this misjoinder of causes of action, assuming its existence, was not objected to by the defendants even at a time when they were still represented by a practicing attorney at law, or at all. Instead they answered, ignoring any misjoinder disclosed by the complaint, thereby waiving it. Misjoinder is not jurisdictional. Porter v. Alamocitos Land & Livestock Company, 32 N.M. 344, 256 P. 179; Valdez v. Azar Bros., 33 N.M 230, 264 P. 962. Cf. Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711.

It is next urged that the findings disclose the defendants held over for a term of two years thus denying support to the judgment. This argument is based on findings 2 and 3, reading:

"2. That the Court finds that defendants had no written memoranda or lease in writing at any time, entitling them to the possession of said lands. That defendants had only a parol lease with Charles H. Betts, which gave them the right to possession and use of said lands only to January 1, 1940, same expiring on that date, after which they had no right to use or possession of said lands.

"3. The Court finds that by reason of the wrongful and illegal holding of the possession and use of said lands by defendants, since January 1, 1940, plaintiff has been damaged in the sum of $250.00."

The defendants rely upon the doctrine of renewal by holding over which this court recognized in Otero v. City of Albuquerque, 22 N.M. 128, 158 P. 798. The findings relied upon repel any inference that the defendants held over with the consent of the landlord, express or implied. 32 Am.Jur. 795, §§ 944, 945.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., MABRY, and BICKLEY, JJ., concur.

ZINN, J., being absent, did not participate.