CHAPPELL *v.* REYNOLDS.

4-7176                                    176 S. W. 2d 154

Opinion delivered December 6, 1943.

*W. J. Dungan* and *Roy D. Campbell,* for appellant.

*J. Ford Smith* and *Ross Mathis,* for appellee.

McFADDIN, J. This appeal challenges the correctness of the decision of the trial court in instructing a verdict for the appellee.

On January 18, 1943, appellant, as owner, filed complaint for unlawful detainer against appellee, as tenant, claiming that appellee's lease terminated with the calendar year of 1942, and that appellee had failed to surrender possession. It was shown that appellant notified appellee by registered letter, in October, 1942, demanding possession at the end of the calendar year, and that appellant also gave three days' notice before the filing of the suit; but no other notice was shown. At the conclusion of the evidence, the trial court directed a verdict for the appellee on the theory that the appellee was a tenant for years and was entitled to six months' notice before he could be removed, and the directing of the verdict is the only question here presented.

If there was no new rental agreement for 1942 and the appellee merely held over for that year and paid rent, then appellee became a tenant "for years" and was entitled to six months' notice under our holdings in the cases of *Belding* v. *Texas Produce Co.*, 61 Ark. 377, 33 S. W. 421; *Lamew* v. *Townsend*, 147 Ark. 282, 227 S. W. 593; *Peel* v. *Lane*, 148 Ark. 79, 229 S. W. 20; *Jonesboro Trust Co.* v. *Harbough*, 155 Ark. 416, 244 S. W. 455; *Riverside Co.* v. *Big Rock Co.*, 183 Ark. 1061, 40 S. W. 2d 423. If, on the other hand, there was a new rental agreement for the year of 1942, then appellee held under that 1942 agreement, and was only entitled to the statutory notice (§ 6035, Pope's Digest) to vacate in event he held possession after the expiration of the term of his lease.

The record discloses that all the contracts between the parties were oral; that in 1938, 1939 and 1940, appellee rented approximately half of the land and another tenant rented the remainder; that in the fall of 1940, appellee agreed to rent all of the lands for 1941 and moved into the main house. These facts are not controverted. But on the issue of a new agreement for 1942, the facts are in dispute. Appellee claims that at the end of 1941, he just "stayed on"; and that he made no new agreement for 1942. On the testimony the court instructed a verdict for the appellee.

But appellant testified that in September or October of 1941, a new contract was made with appellee for 1942; and appellant's brother testified that a new contract was made with appellee in the fall of 1941 for the year of 1942. Furthermore, to support his contention that a new contract was made in 1941 for 1942, appellant showed: (1) that in 1941 appellee had all of the land, whereas in 1942 appellant built a house on four acres of the land and had possession of that acreage; (2) that appellant made a contract with other parties for planting peanuts on four or five acres of the land in 1942; (3) that appellant had a garden on part of the land in 1942; and (4) that each of these transactions was different from the 1941 possession. There was also testimony about six hundred dollars in advances in 1941 and none in 1942; and a cotton seed arrangement in 1942 as against no such arrangement in

1941. The testimony of appellant's brother is also to the effect that in the summer of 1941 appellant and his brother notified appellee that the Chappells would want the entire place for 1942; and in November, 1941, they made other arrangements and agreed that appellee could have the lands in 1942.

We think that all of this evidence on the part of the appellant made a question of fact for the jury as to whether a new contract was made in the fall of 1941 for the calendar year of 1942, and that the trial court erred in failing to submit the case to the jury for a verdict.

Therefore, the judgment of the circuit court is reversed and the cause is remanded.