CHRISTINA MANIATTY *v.* THE CARROLL COMPANY.

January Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1945.

*John Molla* for the defendant.

. *Finn & Monti* for the plaintiff.

SHERBURNE, J. This is an action to recover rent, and comes here upon defendant's exceptions.

On March 28, 1939, the parties entered into a written lease from the plaintiff to the defendant of certain store premises for the term of two years from May 1, 1939, to April 30, 1941, at a monthly rental. After the expiration of the term the defendant continued to occupy and rent the premises, and we infer that rent was paid and accepted up to November 30, 1942. On November 15, 1942, the defendant notified the plaintiff that it was moving, and represented that although moving it would continue to pay rent. It vacated the store and removed its merchandise and fixtures, except for items not here material, on the last Saturday in November, 1942, but retained the keys until April 2, 1943, when they were tendered to the plaintiff and refused. The only question here raised is whether or not the failure of the defendant to give a six months' notice ending on April 30, 1943, resulted in the defendant being liable for rent for a period of another year ending April 30, 1944.

When a tenant for a fixed term of years or for a year under a formal written lease holds over after the expiration of the term, with the consent or acquiescence of the landlord, a tenancy by implication results. This begins as a tenancy at will, but, when the landlord accepts the rent, it may and usually does ripen into a tenancy from year to year. In either case the tenant holds the premises subject to all covenants and conditions of the original lease, without any stipulation or bargain to that effect. This result is a legal consequence of the conduct of the parties, and does not at all depend upon the intention of the tenant. *Amsden* v. *Atwood,* 67 Vt 289, 295, 31 A 448; *Amsden* v. *Atwood,* 68 Vt 322, 333, 35 A 311; *Amsden* v. *Atwood,* 69 Vt 527, 530, 38 A 263; *Hobbs & Son* v. *Grand Trunk Ry. Co.,* 93 Vt 392, 395, 108 A 199; *McSweeney* v. *Dorn,* 104 Vt 110, 112, 158 A 88. In none of these cases was the · question about a notice like the one here raised involved.

In order to terminate a tenancy from year to year, so as to entitle the lessor to possession, or the lessee to exemption from the payment of rent, six months' notice of the termination of the tenancy, and looking to the end of the year, is necessary. *Hanchett*

v. *Whitney,* 2 Aik. 240; *Hanchett* v. *Whitney,* 1 Vt 311; *Barlow* v. *Wainwright,* 22 Vt 88, 94, 52 Am Dec 79; *Hall* v. *Wadsworth,* 28 Vt 410; *Silsby* v. *Allen,* 43 Vt 172, 177. In none of these cases was there a holding over after a fixed term under a formal lease.

The defendant does not question that six months' notice looking to the end of the year is necessary to terminate the ordinary tenancy from year to year, but insists that no notice to quit is required at the end of any year of a holding over tenancy after the expiration of a term for years under a written lease. It contends that the holding over tenancy in such a case is distinct from the ordinary tenancy from year to year, in that it is not a continuing tenancy but involves a new term for each year of holding over.

The courts in a few states have held as the defendant would like us to decide, but it is held by the weight of authority that, where a tenant for years or for a year holds over with the consent of the landlord, a tenancy from year to year is created, which can be terminated only by notice to quit. See Annotation, 19 ALR 1405. An examination of our cases shows that this Court has consistently followed the common law relative to tenancies from year to year. The common law relative to such a holding over and the necessity of a notice to quit is aptly stated in 4 Kent's Com. 112 as follows:

> "If the tenant holds over by consent given, either expressly or constructively, after the determination of a lease for years, it is held to be evidence of a new contract, without any definite period, and is construed to be a tenancy from year to year. The moment the tenant is suffered by the landlord to enter on the possession of a new year, there is a tacit renovation of the contract for another year, subject to the same right of distress; and half a year's notice to quit must be given prior to the end of the term. The tenant does not know in what year the lessor may determine the tenancy, and in that respect he has an uncertain interest, on which the doctrine of notice and of emblements is grounded. The ancient rule of the common law required, in the case of all tenancies from year to year, six months' notice on either side, and ending at the expiration of the year, to determine the tenancy; and there must be a special agree-

ment, or some particular custom, to prevent the application of the rule."

To the same effect is *Right ex dem. Flower* v. *Darby,* 1 T. R. 162, 99 Eng. Reprint 1030, 1 Revised Rep. 169, 15 Eng. Rul. Cas. 616, where it is said:

> "If there be a lease for a year, and by consent of both parties the tenant continue in possession afterwards, the law implies a tacit renovation of the contract. They are supposed to have renewed the old agreement, which was to hold for a year. But then it is necessary for the sake of convenience that, if either party should be inclined to change his mind, he should give the other half a year's notice before the expiration of the next or any following year."

That part of the quotation from Kent above the semi-colon in the second sentence is cited in *Amsden* v. *Atwood,* 67 Vt 289, 295, 31 A 448, *supra,* and it is there stated that this is recognized as a correct statement of the law in *Silsby* v. *Allen, supra.* It should be noted that in this part Chancellor Kent says "it is held to be evidence of a new contract, without any definite period, and is construed to be a tenancy from year to year." A tenancy "without any definite period" is a continuing tenancy terminable, except by mutual consent, only after the required notice, and is not a new term for each year of holding over.

■ Our attention is called to the language in *McSweeney* v. *Dorn, supra,* where it says: "Applied to the case in hand, the law makes the defendant, who held over, a tenant at will, and, when the plaintiffs accepted the rent as hereinbefore stated, he became a tenant from year to year. His term under the implied lease was one year, and his rent was that specified in the original lease." Stress is placed upon the sentence "His term under the implied lease was one year." This is but an immaterial variation of the language used by Kent where he says "there is a tacit renovation of the contract for another year." Under either way of expressing it the tenancy must last out the year that had started. Unless terminated by mutual consent or by the required notice it would continue indefinitely.

The question raised is answered in the affirmative.

*Judgment affirmed.*