188 P.2d 609

**MERRILL v. KLEIN.**

No. 5009.

Supreme Court of New Mexico.

May 20, 1947.

Rehearing Denied Jan. 31, 1948.

John B. Wright, of Raton, for appellant.

Crampton & Robertson, of Raton, for appellee.

McGHEE, Justice.

This is an appeal from a judgment holding that the defendant was guilty of an unlawful detainer. We will refer to the parties as they appeared in the trial court.

On May 15, 1925, Mrs. Dave Stockton, mother of the plaintiff, leased the property involved herein to J. L. McDermott for 5 years, with a provision that part of the rent was to be paid to the First National Bank of Raton to apply on indebtedness owing for improvements made on the lot.

The lease provided:

"Said Second party shall be permitted and required to assign his right, title and interest in this lease to The First National Bank of Raton, New Mexico, which said bank shall have the power to re-assign said lease at its discretion and judgment, but that said second party shall have no other right or authority to sub-let said premises or assign this lease without the written consent of said first party first had and obtained."

In 1928 McDermott was delinquent in his payments to the bank and with his consent and that of the bank the defendant and two parties named Lytle and Bridges took over the business (a pool hall) and assumed his obligations under the lease agreement. Later Bridges quit the business and it was sold to Lytle who operated it for some time. The defendant held a mortgage on the business. The defendant became the owner of the business in 1932, after the plaintiff had acquired the building and lot.

Mrs. Stockton, the bank (while it was interested) and the plaintiff have continuously accepted the rent from the parties operating the business since the time of the execution of the lease in 1925, although with some modifications in amounts.

The defendant contends that he and those associated with him and their successors stepped into the shoes of McDermott as lessees for the unexpired term of the lease and that on the expiration of such term they held over and became tenants from year to year, and that the plaintiff could not terminate such tenancy until she gave six months' notice. The plaintiff contends that the verbal assignment from the bank, if any was given, was void under the third section of the English statute of Frauds which reads:

"And, moreover, that no leases, estates, or interests, either of freehold, or terms of years, or any uncertain interest, not being copyhold, or customary interest, of, in, to, or out of any messuages, manors, lands, tenements, or hereditaments, shall

\* \* \* be assigned, granted, or surrendered, unless it be by deed or note in writing, signed by the party so assigning, granting, or surrendering the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law." and that if we hold that performance on the part of the sub-lessees and acceptance of rent made the statute of Frauds inapplicable, when new people took over they became tenants from month to month, and that the forty-five days' notice to vacate given to the defendant was sufficient to terminate the tenancy.

It is true that an assignment of a lease for more than one year is required to be in writing. 36 C.J.S., Frauds, Statute of, § 114, p. 606. An oral assignment of a lease fully executed by the delivery of possession to the lessee and accepting rent therefor removes the transaction from the statute of frauds. 36 C.J.S., Frauds, Statute of, § 240, p. 742.

A written assignment signed by the lessee is not the contract but only the evidence required by the statute. Chicago Attachment Co. v. Davis Sewing-Machine Co., Ill.Sup., 25 N.E. 669. A provision in a lease prohibiting an assignment without the consent of the lessor is for the benefit of the lessor only, and one which it may at its election waive. Webster v. Nichols, 104 Ill. 160.

When Mrs. Stockton accepted the rents from the new tenants following the first oral assignment of the lease and the oral consent thereto by the bank, such assignment became as valid as though made and approved in writing, and both the landlord and tenant were bound by the terms of the original lease, and when the tenant held over after the expiration of the term and the landlord accepted the rents a tenancy from year to year came into being. This result is a legal consequence of the conduct of the parties and does not at all depend upon the intention of the tenant, and in order to terminate a tenancy from year to year, so as to entitle the lessor to possession, or the lessee to exemption from the payment of rent, six months' notice of the termination of the tenancy, and looking to the end of the year is necessary. Maniatty v. Carroll Co., 114 Vt. 168, 41 A.2d 144, 156 A.L.R. 1306.

This court said in Otero v. City of Albuquerque, 22 N.M. 128, 158 P. 798, 799: " \* \* \* the only remaining question which requires consideration is whether a tenant holding over after the expiration of his lease, without any express agreement but with the assent of his landlord, holds on the same terms as those of the original lease, including all the covenants thereof, unless made inapplicable by changed conditions. This question has been so often answered in the affirmative by the courts

.and text-writers that it is no longer an ·open one."

It is true the rental was reduced, but this was by express agreement. The provision of the original lease that the lessee would pay the insurance seems to have been construed as applying only until the bank was paid. Strict compliance with the provision for repairs seems to have been waived by the landlord. When the defendant took over the business he went into possession of the leased premises with the consent of the plaintiff without any modification of the lease, and both he and the plaintiff were bound by its terms as it had been extended by the acts of the parties, as modified by their express or implied consent.

We conclude that the defendant is holding under a tenancy from year to year, and that six months' notice must be given him in order to terminate such tenancy at the end of a lease year.

The judgment will be reversed and the cause remanded to the district court with instructions to enter judgment for the defendant, and it is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

SADLER, J., did not participate in this opinion.