350 P.2d 1039

Walter D. BAKER and John R. Tice, Plaintiffs-Appellees,

v.

L. E. STORIE, Defendant-Appellant.

No. 6629.

Supreme Court of New Mexico.

April 6, 1960.

Mears & Mears, Fred Boone, Portales, for appellant.

James C. Compton, Portales, for appellees.

McGHEE, Chief Justice.

The appellees, plaintiffs below, are owners of certain real estate in Roosevelt County, New Mexico, and brought this suit against appellant alleging unlawful detainer of this realty.

When appellees purchased this realty in 1955, the appellant was and had been for some years prior the tenant of its former owner. At the time of sale, agreement was reached between appellant and appellees that the former should remain on as tenant. On December 16, 1955, appellant and appellees executed a written lease for a term of one year commencing January 1, 1956. There is testimony that the written lease was made at the request of the appellant so it could be filed with a lending agency so a crop loan could be secured. The written lease appears to have been consistent with the oral agreement between the parties prior to its execution.

Appellant now seeks to attack the validity of this lease for lack of mutuality, but since that question was not raised at trial, it is not properly before us. State Highway Commission v. Southern Union Gas Co., 1959, 65 N.M. 217, 334 P.2d 1118. In fact, the appellant's theory at trial, in the pleadings, and in his statement of facts on this appeal seems to proceed on the basis that this contract was valid.

Thereafter, during the latter part of 1956, the appellant being desirous of procuring another loan and realizing the necessity of a written agreement, informed the appellees of this fact, and the appellees stated that they would take care of it. The appellees then went to the office of the lending agency, where the lease was filed, and endorsed thereon the following words:

"This lease has been entended (sic) for a period of 1 yr to January 1st 1958

"Walter D. Baker
"John R. Tice"

Appellant made no endorsement on the lease concerning this extension. There is a sharp conflict in the testimony of the parties as to whether the appellant was present when the endorsement was made.

The following year the same situation arose, and one of the appellees endorsed the lease as follows:

"This lease is hereby extended to Dec 31st 1958.

"Walter D. Baker"

Again, appellant made no endorsement on the lease concerning this extension, and there is a sharp conflict in the testimony as to whether he was present at the signing.

During this three-year period, the parties operated in close harmony until the latter part of 1958 when a dispute arose. Up until this time, appellant had paid the usual ⅓ and ¼ crop rents which was the same amount stipulated in the written lease agreement. The dispute came to a head when appellees sent notice to vacate on January 6, 1959. Appellant refused to vacate and this action ensued, resulting in a judgment in favor of appellees.

The appellant contends that upon expiration of the written lease on December 31, 1956, since he did not endorse the extensions they are not binding upon him, and therefore, he then became a tenant holding over after a term with the consent of the landlord. This would make him a tenant from year to year, and under our law, entitle him to six months' notice to vacate. Merrill v. Klein, 1947, 51 N.M. 498, 188 P.2d 609. Appellees, on the other hand, contend that the original lease was extended for the years 1957 and 1958 and, therefore, appellant was a tenant for a definite term and upon expiration of the term it was his duty to vacate the premises.

Since no six-month notice to vacate was given, it is obvious that whether appellees can prevail in this action for unlawful detainer is determined by the type tenancy under which appellant held.

The trial court found in part as follows:

"4. * * * for the year 1957, Plaintiffs and Defendant considered and accepted said lease as extended for said year and in the same effect as the original lease.

"5. * * * for the year 1958, Plaintiffs and Defendant considered and accepted said lease as extended for said year and in the same effect as the original lease."

Appellant contends that the trial court erred in making its findings of fact quoted above. In this respect, the function of this Court on review is to determine whether the findings were supported by substantial evidence. Totah Drilling Co. v. Abraham, 1958, 64 N.M. 380, 328 P.2d 1083. If there is substantial evidence of record to support the findings that the parties considered and accepted the lease as extended for the years 1957 and 1958, these findings will not be disturbed.

■ Although the evidence was sharply conflicting on most points, the appellees introduced evidence that a tenancy for a term of one year was all that was offered to appellant at any one time; that appellant was present on both occasions when the purported extensions were placed on the original lease; that during the latter part of 1956 the parties negotiated for the year 1957 and appellees agreed to extend the lease for that year; that during November of 1957 the appellees agreed to extend the lease for the year 1958.

We feel that this is substantial evidence which, if believed by the trial court, would support its findings.

Appellant also contends that the trial court erred in concluding as a matter of law that action of the parties constituted a valid contract. The gist of the appellant's argument may be divided into two points. First, that the unilateral action of the appellees in endorsing the lease did not operate as an extension of the lease. Here appellant misconstrues the evidence reviewed above. There is substantial evidence that both parties negotiated for the extensions, and appellant's argument is without merit. Thompson on Real Property, Secs. 1024, 1124, 1126 and 1127; Colonial Oil Co. v. American Oil Co., D.C., 43 F.Supp. 718; Faraci v. Fassulo, 1920, 212 Mich. 216, 180 N.W. 497; Bay County v. Northeastern Michigan Fair Ass'n, 1941, 296 Mich. 634, 296 N.W. 707; Chappell v.

Reynolds, 1943, 206 Ark. 452, 176 S.W.2d 154; Pittsburgh Mfg. Co. v. Fidelity T. & T. Co., 1903, 207 Pa. 223, 56 A. 436.

■ Appellant next contends that even though the parties agreed to extend the lease, they could not, as a matter of law, do so. To support this contention, he cites the following excerpt from 17 C.J.S. Contracts § 449, p. 929:

"* * * The fact that the parties by their acts and declaration indicate an intention to treat a written contract as continuing after the time prescribed in it for its termination will not have the effect of continuing such contract, although it may show a subsequent oral agreement on the same terms."

We are not required to pass upon this point, however, since the trial court found that the parties contracted for an extension. We have found no rule of law or logic which would not permit the parties to contract for an extension.

The judgment will be affirmed with directions to enter judgment against appellants and the sureties upon their supersedeas bond.

It is so ordered.

CARMODY, MOISE and CHAVEZ, JJ., concur.

COMPTON, J., not participating.