[No. 11915.    Department Two.    August 13, 1914.]

## Calio Ferdenando, *Appellant*, v. Milwaukee Mechanics' Insurance Company, *Respondent*.[1]

Insurance—Actions—Proofs of Loss — Waiver — Authority of Agent. An insurance agent is not authorized to waive proofs of loss under an insurance policy, merely from the fact that he solicited the insurance and delivered the policy to the insured.

Same—Proofs of Loss—Sufficiency. Evidence that the agent requested the insured to come to his office and make proofs of loss, that he did so and was handed a paper which he was told to copy and return, which he did, and was told that it was proofs of loss and nothing more need be done, is insufficient to show notice of loss to the company, in the absence of a showing of authority on the part of the agent to adjust the loss or waive proof thereof.

Same—Proofs of Loss—Waiver—Denial of Liability. The fact that an insurance company denied liability under a policy is not a waiver of proofs of loss, where the only denial of liability was contained in the answer, after suit brought against the company.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 23, 1913, dismissing an action on an insurance policy, upon granting a nonsuit. Affirmed.

*L. H. Prather*, for appellant.

*Cullen, Lee & Matthews*, for respondent.

Morris, J.—Appellant, having brought his action to recover upon a policy of insurance, was defeated in the lower court because of his failure to comply with the provisions of the policy as to proofs of loss, the lower court holding that a local insurance agent, having authority to solicit and write contracts of insurance, has no authority as such agent to adjust the loss under the policy or to waive proofs of loss. The facts need not be stated, as they are no broader than the above statement of the ruling of the lower court. In addition to these defenses, the respondent set up others

[1]Reported in 142 Pac. 693.

which, if sustained, would have defeated the action, but since the judgment was entered before respondent was called upon to offer its proof, the record presents no other questions than these two rulings.

The law is well settled that a local agent has no such power where the only authority relied upon is proof of the fact that he solicited the insurance and, having received it, delivered the policy to the insured. *Hill v. Phoenix Ins. Co.*, 14 Wash. 164, 44 Pac. 146; *Smith v. Niagara Fire Ins. Co.*, 60 Vt. 682, 15 Atl. 353, 6 Am. St. 144, 1 L. R. A. 216; *Harrison v. Hartford Fire Ins. Co.*, 59 Fed. 732; *Ermentrout v. Gerard Fire & Marine Ins. Co.*, 63 Minn. 305, 65 N. W. 635, 56 Am. St. 485, 30 L. R. A. 346; Clement, Fire Insurance, pp. 204, 205, 217, 440; Cooley's Briefs, Insurance, pp. 3495, 3498. Where there is proof of apparent authority or custom, or other facts justifying the finding that the company had clothed its soliciting agent with such authority, a different question is presented. But no such proof is present or offered in this case.

It has also been held that the agent may act for the insured in giving the company notice of loss, and that, where the notice passes from the insured through the agent to the company, it will be sufficient. But there was no proof, or offer of proof, that would bring the case within this rule. The only offer of proof was that, after the loss, the agent told the insured to come to his office and make proofs of loss; that the insured did so, and was handed a paper which he was told to copy and return; that he did so, and the agent then told him it was the proofs of loss and that nothing more need be done. Whether or not the paper handed the insured and returned to the agent was proofs of loss, or whether, if proofs of loss, it reached the company, we do not know, as the only reference to it is included in the offer as above made, which was rejected by the court unless it was accompanied by an offer to prove the authority on the part of the agent to adjust the loss or waive proofs of loss. Ad-

mittedly, if it could be shown that the agent had apparent authority to act regarding the loss, it might be held that such authority embraced the receiving of proofs of loss or the waiver thereof. But the proof is void of any fact from which such authority could be held, and such being the case, the holding of the lower court must be sustained.

The appellant contends that, because the company denied liability under the policy, it waived proof of loss. In common with other courts, we have held in *Thompson v. Germania Fire Ins. Co.*, 45 Wash. 482, 88 Pac. 941, and other cases, that, when the policy is repudiated on the ground that there is no contract and no liability before the time expires for furnishing proofs of loss, such denial is a waiver of such proof. But this rule has no application where, as here, the only denial of liability is contained in the answer of the company upon suit being brought against it. A fire insurance company is entitled to plead any defense it may have to an action upon one of its policies, and such plea must be given effect, unless by its acts, or those of its duly authorized agents, it has waived such defense before the bringing of suit. See note to *Graham v. German American Ins. Co.*, 15 L. R. A. (N. S.) p. 1074.

Upon the facts as here presented, the judgment of the lower court is sustained.

Crow, C. J., Fullerton, Parker, and Mount, JJ., concur.