EQUITABLE LIFE INSURANCE SOCIETY OF THE UNITED
STATES *v.* KELLEMEN

[No. 28,258.   Filed November 8, 1946.]

*Bomberger, Morthland & Royce,* of Hammond, and *George Sammons, of Kentland,* for appellant.

*Fagan & Daugherty,* and *Oscar B. Thiel,* all of Gary, and *J. Edward Barce,* of Kentland, for appellee.

RICHMAN, J.—Appellee's son was an employee of Carnegie-Illinois Steel Corporation from December 30, 1938, to the end of March, 1942, when he was "furloughed for military service." He was killed May 27, 1942. At the times mentioned there was in force a policy of "group insurance" issued by appellant to the employer, pursuant to which a certificate had been issued to the employee showing that he was insured under such policy and that the insurance was "to be payable to the beneficiary (appellee) upon receipt of due proof of death of the employee while insured thereunder." The policy contained similar provision, namely, that:

". . . upon receipt of due proof of the death of any such employee occurring while insured under this policy and while this policy is in force, the Society agrees to pay, at its Home Office in the City of New York, to the person or persons entitled thereto under the provisions of this policy, the amount for which such employee's life is insured."

Appellee filed her complaint as such beneficiary to recover on the policy making appellant and the employer parties. The action was dismissed as to the latter after its demurrer to the complaint had been sustained. A trial by jury resulted in verdict for appellee. The overruling of appellant's motion for new trial is the error assigned. We need discuss but one of several questions presented by this assignment.

In her complaint appellee alleged: "That on the ——— day of ——— 1942, and more than sixty (60) days before bringing this suit, the plaintiff furnished the defendants and each of them with due proof of death of said John Kellemen, Jr., as required by the terms of said policy." She also alleged performance of all conditions by her son, by the employer, and by herself to be performed. Appellant's answer denied these allegations. There was no evidence that appellant had knowledge of his death or of any claim asserted or to be asserted on account thereof by appellee until the filing of her complaint almost nine months after his death. There was no reason for anticipating any such claim for when Kellemen entered the army his employer removed his name from the list of employees insured and no premiums for him were thereafter received by appellant. Under the issues formed by the complaint and answer appellant contested not only the failure of appellee to submit "due proof of death" prior to the commencement of the action but

also, for lack of coverage, its liability even had such proof been made. At the conclusion of the evidence the appellant was denied a peremptory instruction which called to the attention of the court that there was no evidence of submission of proof of death and therefore no liability.' The court instead gave an instruction tendered by appellee to the effect that if the jury found from the evidence that appellee had denied liability for "a reason other than failure to file proofs of death then appellant had waived the right to insist upon due proof of death . . . " In its specific objection to this instruction made under rule 1-7 appellant pointed out that there was no evidence of denial of liability prior to the filing of appellant's answer and that the instruction was therefore wholly outside the issues.

The trial court by accepting appellee's argument that the denial of liability in the answer waived proof of death took, we think, a wholly untenable position. No cases in Indiana touch the proposition but in other states it has been decided against the view argued by appellee. *Abramovitz* v. *National Council of Kn. & L. of Security* (1916), 134 Minn. 302, 159 N.W. 624; *Ferdenando* v. *Milwaukee Mechanics' Ins. Co.* (1914), 81 Wash. 244, 142 P. 693; *Metropolitan Life Ins. Co.* v. *Keith* (1935), 170 Okla. 440, 41 P. (2d) 121; *Dezell* v. *Fidelity & Casualty Co.* (1903), 176 Mo. 253, 75 S. W. 1102; *Johnson* v. *Rocky Mountain Fire Ins. Co.* (1924), 70 Mont. 411, 226 P. 515; *Farmers' Ins. Co.* v. *Frick* (1876), 290 Ohio St. 466; *Hicks* v. *British America Assurance Co.* (1900), 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424. In the last cited case there was a contention that an agent had waived proof prior to the bringing of the action. After disposing of this contention the court continued:

"But it is said that when the suit was brought, and the defendant, by its answer, denied the allegations of the complaint, it in some way made good the attempted waiver of the agent, although it was absolutely void before. The answer is that, if the plaintiff had not a complete cause of action against the defendant when summons was served, no obstacles have been removed from her path by the denials in the defendant's answer of the allegations of her complaint. If a party has not a good cause of action before commencing suit, it is safe to say that he will not get one by an answer of the defendant which contents itself with denying the existence of the facts alleged in the complaint."

In the case at bar the appellant's promise was "upon receipt of due proof of the death . . . to pay . . ." Not merely the fact of death but the fact of proof ▉▉▉ of death, or waiver thereof prior to the filing of the complaint, were necessary to mature a cause of action. As shown in the cases above cited the defendant when brought into court may plead even inconsistent defenses and by pleading one is not to be foreclosed from pleading and relying on any other. But here there was no inconsistency in the defenses. Appellants' answer, prepared in accordance with Rule 1-3, admitted allegations of rhetorical paragraphs that had to do with uncontested matters but it specifically denied the averments of each rhetorical paragraph tending to show a liability. In other words the answer raised every defense available under a general denial and did not rely exclusively on any one defense. In this respect the answer was no different from a general denial such as was filed in the *Hicks* case, *supra*. There was no waiver either before or after the commencement of the action. A peremptory instruction for appellant should have been given and it was error to give the one tendered by appellee.

Appellee questions the sufficiency of appellant's brief. Most of the criticisms are captious. The issue we have decided is clearly and adequately presented.

The judgment is reversed with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 69 N. E. (2d) 244.