242 P.2d 1000

### LITTLE v. JOHNSON.
#### No. 5475.
Supreme Court of New Mexico.
April 10, 1952.

Frazier, Quantius & Cusack, Roswell, for appellant.

Richard G. Bean, Roswell, for appellee.

COMPTON, Justice.

Appellant, a broker, brought this action to recover a commission for the sale of certain real estate, the property of appellee. She contends that appellee employed her to sell a residence for the sum of $9,000 and agreed to pay a commission of 5% for her services in making the sale. She claims that she produced a purchaser who was ready, able, and willing to perform and that appellee refused to pay the agreed commission.

Appellee admits the listing of the property but denies that appellant was the procuring cause of the sale. He alleges that he had listed the property with three brokers, none of which was exclusive, and that another broker was the procuring cause.

The cause was tried to the court without a jury and judgment was entered for appellee dismissing the complaint, from which the appeal is taken.

The findings pertinent to a decision are:

"6. That there was no agreement, commitment or promise made by Mr. and Mrs. H. E. Anker to plaintiff that they would purchase defendant's property through plaintiff's real estate agency."

234

"8. That the plaintiff was not the procuring cause of the sale of defendant's property to Mr. and Mrs. H. E. Anker."

Appellant challenges the sufficiency of the evidence.

When a judgment is attacked as being unsupported, the powers of the appellate court ends with the determination whether there is substantial evidence to support it, contradicted or uncontradicted. In reviewing the evidence on appeal, all conflicts must be resolved in favor of the successful party and all reasonable inferences indulged in to support the judgment and all evidence and inferences to the contrary will be disregarded. For a few of the most recent decisions where the rules are discussed and applied, see: Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; Reid v. Brown, 56 N.M. 65, 240 P.2d 213.

Bearing in mind the foregoing rules, we will labor the record no further than to determine whether the findings have support in the evidence.

On, or about, January 10, 1951, appellee listed the property for sale with appellant, and another broker, K. Cranford, for $9,000. Previously, on January 17, 1950, he had listed it with Independent Realty Company for $9,450. On January 26, 1951, an agent of Independent Realty Company, a Mr. Sherman, showed the property to Mr. and Mrs. H. E. Anker, who subsequently purchased it. The following day appellant, whom they had met through a Mr. Hitchcock, took the Ankers to appellee's property but the Ankers, being unfamiliar with the city, did not know they were to be shown the Johnson property until they arrived. Nevertheless, they made further inspection but did not disclose to appellant that they had been shown the property by another agent. From a conversation with appellant at the time, the purchasers learned that the property had been listed with her at $9,000. They returned to the Independent Realty Company with this information and the agent Sherman immediately contacted appellee who reduced the price to $9,000.

The depositions of the purchasers were admitted in evidence. It appears that the purchasers were satisfied with the property when it was shown to them by the Independent Realty Company. Only Mr. Anker had planned further inspection of the property before closing the deal. Indeed, they were on their way to look it over when they met appellant. Significant is the testimony of Mrs. Anker, as follows:

"Q. You say you saw this house on Friday with Mr. Sherman? A. Well, I could not tell you definitely as to the day, but if it was on Friday we saw it. We saw Mr. Hitchcock that night and he was out there for dinner, and he

heard the talk between Mr. Anker and myself about me liking the house because it was little, and he thought I was enthusiastic about it, and Mr. Anker was not, and he wanted to please him, and knowing Mrs. Little he spoke to her about it, he called her up and asked her to show us some other houses.

"Q. Had you intended to go back and look at the house again after you were there with Mr. Sherman? A. No sir, I was so definitely decided that was the house we wanted I do not think we thought about it, and I did not need to look at it the second time.

\* \* \* \* \* \*

"Q. At no time did any of you tell her you had been there the day before? A. No, sir.

"Q. You mentioned it to Mr. Hitchcock? A. Yes, sir. \* \* \*"

 We deem the evidence substantial. Obviously, appellant was not the procuring cause of the sale.

 At 12 C.J.S., Brokers, § 92, we find the following rule:

"Where several brokers are employed to negotiate or effect the same transaction, the broker who first succeeds and is the procuring cause of the transaction is entitled to the full commission, to the exclusion of the other brokers." (Citing cases.)

 At 43 A.L.R. 1119, the annotator has the following to say:

"The law will not permit one broker who has been intrusted with the sale of land, and is working with a customer whom he has found, to be deprived of his commission by another agent stepping in and selling to the customer for a price less than the first broker is empowered to receive." (Citing cases.)

Appellant calls to our attention evidence which would have warranted the trial court in finding to the contrary but, in view of what has been said, this conflicting evidence is not entitled to weight. It suffices to say that after reviewing all the evidence in the light most favorable to appellee we are satisfied that the findings are supported by substantial evidence.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.