321 P.2d 636

Jacob H. ZENGERLE and Eva Zengerle, his wife, Plaintiffs-Appellants,

v.

THE COMMONWEALTH INSURANCE COMPANY OF NEW YORK, a corporation, and Arthur H. Abernathy, Defendants-Appellees.

No. 6265.

Supreme Court of New Mexico.

Feb. 4, 1958.

Rehearing Denied Feb. 26, 1958.

Merritt W. Oldaker, Roy F. Miller, Jr., Albuquerque, for appellants.

Simms, Modrall, Seymour, Sperling & Roehl, George T. Harris, Jr., Daniel A. Sisk, Albuquerque, for appellees.

McGHEE, Justice.

Appellant, Zengerle was the owner of a retail hardware and general merchandizing store in San Antonio, New Mexico, insured by Hardware Dealers Mutual Fire Insurance Co. On November 30, 1951, appellant, uncertain of the expiration date of his Hardware Mutual policy (which was actually December 14) purchased a new fire policy from Arthur Abernathy, an old friend of his father's, to become effective December 1, 1951. As is customary, Abernathy took the order for the fire insurance without specifying the company which would issue the policy. Later, Abernathy completed the forms, designating the insurer as Commonwealth, the appellee, and mailed the forms to Commonwealth's general agent in Denver. No policy was ever mailed to Zengerle.

On December 1, 1951, a fire totally destroyed the store and its contents. Appellant notified Hardware's Albuquerque agent of the fire on December 3 and mailed proofs of loss on February 12, 1952 and the loss was adjusted. No notice was given to Abernathy or Commonwealth until April 1, 1952, and proof of loss was not tendered until the middle of April although the policy with Commonwealth was to be the standard New Mexico fire insurance policy which requires, as a condition precedent to the insurer's liability immediate notice of the fire and proof of loss within 60 days.

The lower court refused recovery although there was a binding contract of insurance because appellant failed to give notice and file proofs of loss within the required time and as there was no act on the part of the appellee insurance company excusing the failure to give notice and file proof of loss there was no waiver or estoppel.

Whether or not there was substantial evidence to support the trial court's finding of no waiver by the insurance company must decide the case here.

██ The requirement of notice and filing proofs of loss is a condition precedent to the insurer's liability, § 58–8–10 N.M.S.A. 1953 Comp., Vol. 5, Appleman, Insurance Law and Practice § 3481, p. 649, and enables the insurer to take such action as might be necessary to protect his interests.

██ These conditions can be waived, 49 A.L.R.2d 88, Vol. 5, Appleman, Insur-

ance Law and Practice § 3481, p. 649, but the burden is upon the insured to show that compliance has been waived. 123 A.L.R. 950, 972.

In Western Farm Bureau Mut. Ins. Co. v. Lee, 1957, 63 N.M. 59, 312 P.2d 1068, we declared the test of waiver of notice and proof of loss in insurance cases.

"Conditions of an insurance policy requiring the insured to furnish various notices after loss in a particular manner are for the benefit of the insurer and may be waived by words or conduct inconsistent with an intention to demand exact compliance from which the insured is led to believe such compliance is unnecessary * * *" See also Vol. 17, Appleman, Insurance Law and Practice, § 9748, p. 578; 49 A.L.R.2d 88, 123 A.L.R. 950, 971.

The fire occurred on December 1, and the agent, Abernathy, learned of the fire by a chance telephone call from a relative a few days later. He notified the general agents who sent a man out to look at the fire. This was the only evidence to carry appellant's burden of proof and is insufficient in that the chance telephone call and the precautionary investigation are not inconsistent with an insistence upon compliance with the notice and proof of loss requirements of the policy. There is no reasonable inference arising from such an investigation and phone call, made without the knowledge of the insured, that would lead the insured to believe he was relieved of these requirements.

The policy demanded immediate notice of the fire and filing of proofs of loss within 60 days. No notice was given or proof of loss was made until April, 120 days from the time of the fire, and twice the time allowed by the statute. Even under the liberal construction allowed these requirements, complete failure of compliance within the statutory period can not be construed as substantial compliance.

■■ Appellant seeks to excuse the delay in that he did not know the company the policy was written on until April. However, his testimony was impeached by a deposition he gave on December 19 in which he named the insurer as Commonwealth. The trial court found as a fact he did know the name of the insurance company in December, in accordance with his deposition. At the trial the plaintiff testified he was confused at the time he gave the deposition, but it is for the trial judge to determine the weight and credibility to be given the testimony of witnesses. Field v. Irvin, 1929, 34 N.M. 199, 279 P. 873; Greene v. Esquibel, 1954, 58 N.M. 429, 272 P.2d 330. Even though the policies were never mailed to appellant, he still was not excused from making proof of loss when he knew the name of the insurer.

The requirement of notice and filing of proof of loss are legitimate protections afforded to the insurance company, but if

they are to have substance, we must enforce substantial compliance, unless the company has so acted as to cause the insured to believe that compliance is unnecessary or would be useless. The testimony shows the only evidence of waiver was a cursory examination and a chance telephone call, which are insufficient in law to carry appellant's burden of showing a waiver. There being substantial evidence to support the crucial findings of the lower court the judgment is affirmed and It Is So Ordered.

LUJAN, C. J., and COMPTON and KIKER, JJ., concur.

SADLER, J., not participating.