364 P.2d 349

**Robert DAVIS, Plaintiff-Appellant,**

v.

**James E. HARTLEY, L. H. Morris and Mrs. L. H. Morris, Defendants-Appellees.**

**No. 6872.**

Supreme Court of New Mexico.

Aug. 16, 1961.

**92**

Sheehan & Duhigg, Albuquerque, for appellant.

Adams, Foley & Calkins, Albuquerque, for appellees.

NOBLE, Justice.

Appellant appeals from a judgment denying him recovery for injuries received in an automobile accident while riding in appellee's automobile. The case was tried to the court without a jury.

Three causes of action were alleged: one against appellee Hartley as driver of the automobile; one against L. H. Morris

and Mrs. L. H. Morris as owners of the automobile driven by appellee Hartley; and the third alleged that Hartley was a resident in the household of his mother, Mrs. Morris, and his step-father, L. H. Morris, and that the automobile, at the time of the accident, was being used for a family purpose. A separate motion to dismiss as to the defendants Morris was sustained by order of the trial court containing the recital that the dismissal was with consent of the plaintiff. No appeal was taken from the order dismissing as to those defendants.

The issues were tried on the merits between appellant (plaintiff) and appellee (defendant) Hartley. After requested findings and conclusions by both parties, the trial court found the issues in favor of defendant and entered judgment in his favor.

The trial court found substantially that appellant, at Continental Divide west of Grants, New Mexico, asked appellee to take him to Grants for the purpose of buying an automobile and upon arriving at Grants, appellant asked appellee to take him on to Albuquerque to buy an airplane ticket; that before starting, appellant volunteered to buy the gasoline and at a station about five miles east of Continental Divide did buy about $3 worth of gasoline. The court found there was no express agreement between the parties that appellee would take appellant in consideration of appellant buying the gasoline and that there was no con-

sideration for the trip in appellee's car. It was found that the purchase of gasoline by appellant was voluntary and so small as to confer no substantial benefit upon appellee and that appellant was not a paying passenger but was a guest. The trial court further found that the accident which occurred was not intentional on the part of appellee and was not caused by his heedlessness or reckless disregard for the rights of others.

The decisive question was whether appellant was a guest or a paying passenger and whether the New Mexico guest statute (Sec. 64–24–1, N.M.S.A. 1953 Comp.) is applicable. Appellant asserts that his entire case rests upon a finding by the trial court that the inducing cause of taking appellant as a passenger was the purchase of gasoline by appellant. This, appellant urges, makes the New Mexico guest statute inapplicable. No reference to the record is made in support of the claimed finding by the court. Not only are we unable to discover such a finding but, on the contrary, the court found as facts:

"4. There was not any express agreement between plaintiff and defendant that in consideration of plaintiff purchasing the gasoline the defendant would take him to Grants."

"6. There was no discussion between plaintiff and defendant with respect to purchasing of gasoline or any

other consideration for the trip from Grants to Albuquerque."

"12. That plaintiff was not a paying passenger but rather a guest."

Appellant objected to the findings made by the court by tendering a requested finding which included the fact that the furnishing of gas by appellant was the consideration for appellee driving appellant to Albuquerque. The request is a challenge to the sufficiency of the evidence to sustain the findings made. Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154; Scuderi v. Moore, 59 N.M. 352, 284 P.2d 672; Darr v. Eldridge, 66 N.M. 260, 346 P.2d 1041, 77 A.L.R.2d 1052. The facts found by the trial court are the facts upon which the case rests in the appellate court, are the facts to be reviewed and must be sustained if supported by substantial evidence. Staley v. New, 56 N.M. 756, 250 P.2d 893; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264; Flippo v. Martin, 52 N.M. 402, 200 P.2d 366.

The case turns on whether the evidence is sufficient to support the findings made by the trial court. In Brown v. Cobb, supra, we said:

"Substantial evidence may also be defined as evidence of substance which establishes facts and from which reasonable inferences may be drawn." [53 N.M. 169, 204 P.2d 266.]

We have also defined evidence as being substantial if it is such that reason-

**94**

able men all agree, or if they may fairly differ as to whether the evidence establishes such facts. Marchbanks v. McCullough, 47 N.M. 13, 132 P.2d 426, 429; Brown v. Cobb, supra.

In attacking findings by the trial court, it is not enough that the court, upon conflicting evidence, might have found the facts requested by appellant. In reviewing findings by a trial court, all conflicting evidence and disputed facts, including all reasonable inferences to be drawn therefrom, are resolved in support of such findings and all evidence and inferences to the contrary will be disregarded. Maryland Casualty Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013; Totah Drilling Co. v. Abraham, 64 N.M. 380, 328 P.2d 1083; New Mexico Bus Sales v. Michael, 68 N.M. 223, 360 P.2d 639. Furthermore, findings of fact by the trial court, if supported by substantial evidence, are conclusive and will not be set aside on appeal. Brown v. Martinez, 68 N.M. 271, 361 P.2d 152; Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619; State ex rel. State Highway Commission v. Tanny, 68 N.M. 117, 359 P.2d 350; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511; Little v. Johnson, 56 N.M. 232, 242 P.2d 1000; Adams v. Cox, 55 N.M. 444, 234 P.2d 1043; Maryland Casualty Co. v. Jolly, supra.

From a careful examination of the record, it is clear to us that the testimony of witnesses supporting the findings was believed by the trial court and that which would have supported the findings requested by appellant was rejected. The trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony. Galloway v. White, 64 N.M. 470, 330 P.2d 553; Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Zengerle v. Commonwealth Insurance Company of New York, 63 N.M. 454, 321 P.2d 636. While the trial court might have found the facts requested by appellant, nevertheless, in the light of the applicable tests, the evidence supporting the findings of fact made by the trial court is substantial and the court's refusal to make contrary findings is not error. Hyde v. Anderson, supra; State v. Tanny, supra.

In view of our holding on the decisive issue, other questions argued would not be determinative of this appeal and need not be decided. Finding no error, the judgment appealed from will be affirmed.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.