373 P.2d 536

**Marvin GILLUM, Plaintiff-Appellee,**

**v.**

**SOUTHLAND LIFE INSURANCE COMPANY, Defendant-Appellant.**

**No. 6787.**

Supreme Court of New Mexico.

Oct. 16, 1961.

Rehearing Denied Aug. 14, 1962.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Albuquerque, for appellant.

Bingham & Klecan, Albuquerque, for appellee.

CARMODY, Justice.

Appellant (defendant) seeks reversal of a judgment entered after a jury trial, which awarded appellee (plaintiff) damages under a group hospitalization policy.

The questions involved have to do with the construction of a non-contributory group policy, and whether appellant is responsible for hospital and surgical bills incurred during the thirteenth and fourteenth months after the one-year policy had been issued and the employer failed to pay the monthly installments after the end of the first year.

Appellee was employed by Ambrosia Minerals, Inc., and held a certificate of insurance issued pursuant to the provisions of a master policy obtained by the employer from the appellant. The policy was for a term of one year, commencing August 1, 1956. Both appellee and his wife were beneficiaries under the provisions of the policy, and in the latter part of August 1957, appellee's wife underwent a serious surgical operation, remaining in the hospital into September. Appellee sought recovery under the policy for the expenses incurred. Sometime in September, appellee inquired of one of his employer's agents as to the status of the insurance, and apparently at that time filled out a claim or proof of loss, which was forwarded to the employer's home office in Phoenix, Arizona. There was no evidence as to whether or not this proof of loss was in turn forwarded to the appellant. The monthly premiums on the policy had never been paid after those required for the first year.

Appellant's principal contentions are: (1) That as a matter of law, the policy had terminated prior to the hospitalization of the appellee's wife and that summary judgment, or at least a directed verdict, should have been granted; (2) that there was no substantial evidence of waiver or estoppel as to the termination of the contract, and that the court's instruction as to estoppel was incorrect; and (3) that the trial court erroneously struck the defendant's affirmative defense of failure to give proof of loss, and that the motion for a directed verdict should have been granted for failure to furnish proof of loss.

These claims of error are actually divided into six points; appellant, in oral argument, having waived a seventh ground for reversal. However, inasmuch as the questions as to the failure to give notice of loss, or file proofs thereof, together with the court's action in striking this defense, are determinative, we will proceed to dispose of them. In so doing, we will assume, without deciding, that the policy was in effect.

The record discloses that the case had been at issue for a considerable length of time, with the pleadings standing basically only with appellant's general denial of the allegations of performance of the contract. Two or three days before trial, appellant, by letter, advised appellee that they would seek to amend their pleadings. On the trial date, the court allowed the amendment to allege an affirmative defense of failure to give notice of loss and file proofs thereof, with the statement that it might be subject to a motion to strike at a later time. No motion to strike was ever filed, but the court of its own motion struck this defense at the close of the case, and made the following statement:

"* * * The Court allowed the Defendant to add an additional affirmative defense this morning, first, fail-

ure to give notice of loss, second, failure to file a proof of loss. The Court, at this time, is going to strike these two additional defenses, on the ground that by the denial by the company of liability on or about November the 9th, within what the Court is going to hold to be a 90 day period from the time of the operation, August 27, 1957, that it waived these other defenses. * * *"

Note: (The letter of cancellation was actually dated November 21st, rather than November 9th, but this is of no consequence)

The policy and the certificate held by appellee both provided for the making of a notice of claim and of the filing of proof of loss with the insurance company within ninety days. The evidence is totally lacking as to any proof that any notice or proof of loss was given to the insurance company until the filing of the suit. Therefore, unless there was a waiver of this condition precedent, appellee must be bound by the provisions of the policy. Appellee takes the position that the motion to amend was not timely made and should never have been allowed by the court, and also contends that the failure to file proofs of loss was waived in one or the other of two ways, (1) either because the original answer did not specifically deny the allegation of the complaint which alleged performance, or (2) that appellee did not have to file a proof of loss because of the action of the company in cancelling the policy within the ninety-day period during which appellee should have filed a proof of loss.

Appellee would have the provisions of § 21–1–1(9) (c), N.M.S.A.1953 Comp., strictly construed, claiming that there must be a literal compliance by pleading a specific denial in response to a general assertion of compliance with all conditions precedent. Although appellant's amendment was entitled an affirmative defense, we are of the opinion that it, in effect, satisfied the requirements of the rule. Were it otherwise, the true spirit of the rule would be nullified. The purpose of the amendment was to raise the issue of failure to comply with a condition precedent and to enable appellee to meet that issue. Appellee is in no position to complain, absent a showing of prejudice, which was not even intimated to the trial court. Even though there had been a lengthy delay between the filing of the original answer and the notice of intent to amend three days before the trial, the granting or denying of the amendment was a matter within the sound discretion of the trial court. See, § 21–1–1(15) (a), N.M.S.A. 1953 Comp., "* * * and leave shall be freely given when justice so requires. * * *" Hoover v. City of Albuquerque, 1954, 58 N.M. 250, 270 P.2d 386; and In re Stern's Will, 1956, 61 N.M. 446, 301 P.2d 1094. Compare, Carney v. McGinnis, 1961,

68 N.M. 68, 358 P.2d 694, and cases cited therein.

■■ It is then urged that the general denial contained in the original answer constituted a waiver of conditions precedent, unless denied with particularity. Without the amendment, this might have merit; but the argument falls of its own weight in view of the allowance of the amendment. The answer, as amended, not only denies liability generally, but also on the basis of failure to furnish proofs of loss. Inconsistent defenses are allowed under § 21–1–1 (8) (e), N.M.S.A.1953 Comp., even if these defenses can be considered as inconsistent. In this case, there was no showing of any reliance upon the failure to specifically deny, and we do not feel that the rules of pleading contemplate foreclosing a party from relying on a valid defense that the trial court, in its discretion, decided should be allowed. The complaint, which was the first notice of claim, was not filed until some six months after the expiration of the ninety-day period within which proofs of loss had to be furnished. Furnishing proof of loss was a condition precedent, and we do not believe that the original failure to specifically deny operated as an irrevocable admission of compliance with conditions precedent so as to make good a cause of action not otherwise provable. Compare, Equitable Life Ins. Soc. v. Kellemen, 1946, 224 Ind. 526, 69 N.E.2d 244;

Johnson v. Rocky Mountain Fire Ins. Co., 1924, 70 Mont. 411, 226 P. 515; and McKay v. American Central Ins. Co., Tex.Civ. App.1952, 245 S.W.2d 529. In this connection, it should be borne in mind that the burden of showing compliance with conditions precedent as to the filing of proofs of loss is upon the insured. Zengerle v. Commonwealth Insurance Co. of N. Y., 1958, 63 N.M. 454, 321 P.2d 636; and Western Farm Bureau Mutual Insurance Co. v. Lee, 1957, 63 N.M. 59, 312 P.2d 1068.

■■ Appellee also maintains that there was a waiver of compliance with the conditions precedent because of certain letters which were written by a broker to appellee's employer with copies to appellant, which purportedly denied liability on other grounds than failure to file proof of loss. These letters, even if binding on appellant, as to which we express no opinion, were not shown to have been relied upon by appellee in failing to furnish proof of loss, and it is difficult to understand how it can now be contended that a waiver would result therefrom. We are in full accord with the general rule that denial of liability by an insurer, made to the insured during the period prescribed by the policy for presentation of proofs of loss on other grounds rather than failure to furnish proofs, will ordinarily be considered as a waiver of the provision of the policy requiring the filing of proofs of loss. See, 49 A.L.R.2d 175,

and cases cited therein. However, this rule has no application to the present case, because the appellee had no notice of the claimed waiver so as to take advantage of it or be misled by it. 17 Appleman, Insurance Law and Practice, 578, § 9748, states:

"To constitute a waiver of proof of loss, it has been held necessary that there be some reliance on the conduct of the insurer, which misled the insured to his prejudice. If an insurer has done nothing to lead the insured to believe that proofs of loss were not necessary, it is not estopped from asserting that it did not intend a waiver. To hold that a liability insurer waived written notice of an accident, it must have done something inconsistent with its intention to require notice, which operated to mislead the insured and justified him in omitting to give notice. * * *"

See, also, Neidhoefer v. Automobile Ins. Co. of Hartford, Conn., 7 Cir., 1950, 182 F.2d 269. This is the rule in New Mexico, as shown in Zengerle v. Commonwealth Insurance Co. of N. Y., supra, wherein we said [63 N.M. 454, 321 P.2d 637]:

"The requirement of notice and filing of proof of loss are legitimate protections afforded to the insurance company, but if they are to have substance, we must enforce substantial compliance, *unless the company has so acted as to cause the insured to believe that compliance is unnecessary or would be useless.* The testimony shows the only evidence of waiver was a cursory examination and a chance telephone call, which are insufficient in law to carry appellant's burden of showing a waiver. * * *" (Emphasis added.)

There is absolutely nothing in the record before us, nor was there at the trial, by which it is shown that appellee was led to believe that compliance with the notice and proof of loss provisions was unnecessary or would be useless. Actually, appellee stated on the stand as follows:

"* * *

"Q. That is true, isn't it, Mr. Gillum, you never did give any written notice to the company of the fact that your wife had been hospitalized and that the bills had been incurred? A. No, I believe the hospital checked on that, through Southland's office here in Albuquerque.

"Q. At any rate, you never did give any notice, at all, to Southland before the suit was filed? A. I didn't know it was necessary.

"Q. And the same thing was true, Mr. Gillum, with regard to the filing or the preparation and the filing with Southland Life of a proof of loss, you didn't sign or submit one of those either, at any time?"

(Objection)

"Q. You didn't, did you, Mr. Gillum? (Question read by the reporter.) A. Not that I recall."

It should also be noted that there is no evidence in the record whatsoever that appellee's claim was ever received by the Phoenix office of his employer, or that it was by that office forwarded to the appellant. Such was the appellee's burden, and his failure to furnish such proof is fatal to his claim. See, Zengerle v. Commonwealth Insurance Co. of N. Y., supra; Bahas v. Equitable Life Assur. Soc. of United States, 1937, 128 Pa.Super. 167, 193 A. 344, adopted by Pennsylvania Supreme Court in 1938 at 331 Pa. 164, 200 A. 91; and Connecticut General Life Ins. Co. v. Dugas, Tex.Civ.App.1936, 91 S.W.2d 757.

Appellee also seeks to take advantage of the cancellation letter by the company, claiming that termination of the policy would result in a waiver of the requirement of proofs of loss. Here, again, the record is completely silent as to any knowledge on appellee's part that he knew of the termination and failed to act by reason of it. See, Zengerle v. Commonwealth Insurance Co. of N. Y., supra. The trial court struck the amendment containing the additional defenses, on the general theory that,

by reason of the denial of liability prior to the completion of the ninety-day period, the other defenses were waived. From what we have said, it is quite obvious that there was no waiver shown by the evidence, and the court was in error in striking the defenses and holding that the waiver existed. The insurance policy is a contract, and before appellee is entitled to the benefits thereof, he must show at least substantial compliance with the requirements made of him. We find that there was no evidence of a waiver, and that the trial court erroneously ruled otherwise; therefore, by reason of failure to file notice of loss and proofs of loss, appellee's right to recover under the policy is barred.

Inasmuch as the above question is determinative of this appeal, there is no necessity in discussing the other points relied upon for reversal.

The judgment appealed from will be reversed, with instructions to the trial court to set it aside and enter a judgment of dismissal of appellee's claim.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CHAVEZ and NOBLE, JJ., not participating.