376 P.2d 1

**Helen GRISHAM, Plaintiff-Appellant,**

v.

**F. H. NELMS and American Fore Loyalty Group, Defendants-Appellees.**

No. 7165.

Supreme Court of New Mexico.

Nov. 1, 1962.

Harry E. Stowers, Jr., Thomas E. Jones, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

NOBLE, Justice.

This appeal is from a judgment denying recovery in a workmen's compensation claim.

Helen Grisham was employed as a waitress in a restaurant operated by defendant Nelms. She claims to have sustained an accidental injury, resulting in a fracture of the coccyx, by falling against the toilet in the ladies rest room in defendant's restaurant on August 5, 1960, while so employed. She did not work on either August 3 or August 4, and there is evidence that her neck was blue and she had difficulty getting around when she returned to work on August 5. When asked what the trouble was, she admitted to her employer that her husband had beaten her up. There was also evidence that claimant had suffered an injury to the end of the spine by falling on ice in 1957.

Points 1 and 2, relied upon for reversal, are both directed to the question whether timely notice was given the employer; however, the trial court found that claimant did not sustain an accidental injury in the course of her employment. If these findings are sustained by substantial evidence there can be no recovery. Section 59–10–13.3(1), N.M.S.A.1953. The findings by the trial court as to the injury are:

"5. The plaintiff did not suffer any accidental injury on the premises of the defendant employer.

"6. The plaintiff's alleged disability is not a natural and direct result of any accidental injury suffered by her in the course of her employment by the defendant employer."

Since claimant's third point, directed to the substantial character of the evidence to support those findings, is decisive of this appeal, we turn directly to it.

It is well settled in this jurisdiction that the facts found by the trial court are the facts upon which the case rests in this court upon appeal, and are binding upon the Supreme Court, unless set aside as not supported by substantial evidence. Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526; Dowaliby v. Fleming, 69 N.M. 60, 364 P.2d 126; Baker v. Storie, 67 N.M. 27, 350 P.2d 1039; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511.

Upon claimant's assertion that the evidence does not substantially support findings of fact Nos. 5 and 6, this court must view the evidence together with all reasonable inferences to be deduced therefrom in the light most favorable to the successful party, and all evidence to the contrary must be disregarded. Romero v. Lott, Inc., 70 N.M. 40, 369 P.2d 777; Cochran v. Gordon, supra; Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398. Where there is a conflict in the evidence, the weight to be given to the testimony and the credibility of the witnesses is for the trier of the facts and not for the Supreme Court, Fitzgerald v. Fitzgerald, supra.

It would serve no useful purpose to detail the evidence. While the trial court might have found the issues in favor of claimant, a careful review of the evidence, in the light of the applicable tests, convinces us that the evidence supporting the findings of fact made by the trial court is substantial and the court's refusal to make contrary findings is not error. Davis v. Hartley, 69 N.M. 91, 364 P.2d 349; State ex rel. State Highway Commission v. Tanny, 68 N.M. 117, 359 P.2d 350.

Claimant argues that the trial court dismissed the complaint solely upon the ground of failure to give timely notice. The judgment, however, discloses that it was decided upon the findings of fact and conclusions of law by the court. The case was tried and judgment entered upon the merits. Viewing it as we do, the findings that claimant did not sustain an accidental injury in the course of her employment are decisive of this appeal, and it is unnecessary to consider other questions argued. It follows that the judgment appealed from should be affirmed.

IT IS SO ORDERED.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.